IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ELI W. FREELAND,

          Plaintiff,

v.                                        CIVIL ACTION NO.  2:11-cv-00443

WARDEN DAVID BALLARD,

          Defendant.

**MEMORANDUM OPINION AND ORDER**

This *pro se* action was referred to the Honorable Mary E. Stanley, United States Magistrate Judge, for submission to this court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).  The Magistrate Judge has submitted Proposed Findings and Recommendation ("PF&R") [Docket 9].  The PF&R recommends that the court **DISMISS** the action with prejudice for failure to state a claim, pursuant to 28 U.S.C. § 1915A, and **DENY** the application to proceed without prepayment of fees and costs [Docket 4].  The plaintiff has filed objections to the PF&R [Docket 10].

On June 24, 2011, Eli W. Freeland and Steven E. Denkenberger, Jr. filed a complaint with this court.  Judge Stanley issued an order on June 27, 2011, stating that the plaintiffs did not complain of the same transaction or occurrence and that questions of law and fact were not common to them.  Therefore, Judge Stanley found that the plaintiffs could not be joined pursuant to Federal Rule of Civil Procedure 20.  The order then stated that: "each plaintiff who wishes to

1

file a civil action must file his own complaint . . . the undersigned intends to recommend that the presiding District Judge dismiss this action." [Docket 3.] However, on July 7, 2011, Judge Stanley issued another order, noting that Denkenberger filed a separate complaint. Accordingly, Judge Stanley ordered that the Clerk dismiss Denkenberger without prejudice from this suit, and explained that she would screen the complaint to determine whether it states a claim upon which relief can be granted as to the plaintiff Freeland. On August 18, 2011, Judge Stanley submitted the Proposed Findings and Recommendation, recommending that Freeland's claim be dismissed with prejudice.

Freeland claims that he "never filed his own complaint, and never resubmitted any other documents or facts other than what was contained in the jointly filed civil action complaint from both plaintiffs." [Docket 10.] The plaintiff objects that Judge Stanley did not dismiss this action pursuant to the June 27, 2011 order, and that he never submitted a separate complaint. Consequently, the plaintiff argues that his claims should be dismissed without prejudice because "he was not prepared nor did the plaintiff wish to file his own complaint at that time by the court's order of June 27, 2011." [*Id.*] Freeland does not object to any of the factual assertions or legal conclusions made in the PF&R.

Although the plaintiff submitted objections to the Magistrate Judge's PF&R, he is in fact objecting to Judge Stanley's July 7, 2011 order. It is in the July 7 order that the Magistrate Judge dismissed plaintiff Denkenberger and indicated that she would proceed with Freeland's claim by screening the complaint to determine whether it stated a claim upon which relief could be granted. Under Federal Rule of Civil Procedure 72(a), when the Magistrate Judge rules on a non-dispositive matter, "A party may serve and file objections to the order within 14 days after

2

being served with a copy." FED. R. CIV. P. 72(a). The plaintiff did not object within the 14-day time period and consequently waived his right to object. *Solis v. Malkani*, 638 F.3d 269, 274 (4th Cir. 2011) ("[W]e note that a party's failure to object to a magistrate judge's recommendations within [fourteen] days in either a nondispositve, Fed. R. Civ. P. 72(a), or a dispositive matter, Fed. R. Civ. P. 72(b), waives further review.").[1] Moreover, Freeland does not explain how the continuation of the suit with regard to his complaint prejudiced him. Accordingly, the court **ADOPTS** and incorporates herein the Magistrate Judge's Proposed Findings and Recommendation, **DISMISSES** this action with prejudice under 28 U.S.C. § 1915A for failure to state a claim, and **DENIES** the application to proceed without prepayment of fees or costs.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: February 16, 2012

Joseph R. Goodwin, Chief Judge

---

[1] A *pro se* litigant waives further review of a nondispositve matter under Rule 72(a), "even absent express notice from the magistrate judge that failure to object within [fourteen] days will preclude appellate review." *Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008).